Rhys M. Farren
Davis Wright Tremaine LLP
929 108th Avenue NE
Suite 1500
Bellevue, WA 98004-4786

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re:<br><br>MICHAEL HYUNKOO CHANG, and SUN WOO CHANG,<br><br>                   Debtors.<br>―――――――――――――――――<br>D. L., an individual; and S. H., an individual,<br><br>             Plaintiffs,<br><br>     v.<br><br>MICHAEL HYUNKOO CHANG and SUN WOO CHANG, husband and wife, and their marital community,<br><br>             Defendants. | Bankr. Case No. 19-12424-TWD<br><br>Adversary Case No.<br><br>COMPLAINT FOR OBJECTION TO DISCHARGEABILITY UNDER 11 U.S.C. 523(a) |

Plaintiffs D. L. and S. H. ("Plaintiffs") allege the following as their complaint for Nondischargeability under 11 U.S.C. 523(a) against Defendants Michael Hyunkoo Chang and Sun Woo Chang ("Defendants"):

## I.      INTRODUCTION

This is a case about affinity fraud involving an illegal immigration services scheme. Plaintiffs are vulnerable persons from Korea living in the United States. Defendant Michael

Davis Wright Tremaine LLP
LAW OFFICES
929 108th Avenue NE, Suite 1500
Bellevue, WA 98004-4786
425.646.6100 main · 425.646.6199 fax

Chang, a Korean-American resident of the United States and senior pastor of a small Federal Way church, gained the Plaintiffs' trust through their common ethnic ancestry and shared religious affiliation. Defendant Michael Chang deceived the Plaintiffs into giving him $74,000 in cash, purportedly for "immigration services." When Plaintiffs learned of Defendant's deception and confronted him, Defendant Chang threatened them and made promissory notes to repay his wrongfully obtained funds, which notes contained a provision intended to silence Plaintiffs. The notes were not paid. Michael Chang's wife was a knowing and active participant in Chang's exploitation of Plaintiffs.

## II.    PARTIES

1.    Plaintiff D. L. ("D. L." or "Plaintiff") is an individual residing in the state of Washington. The name D. L. is a short name or alias for D. L.'s true name, which is being kept confidential to protect D. L. as a result of Defendant Chang's threats.

2.    Plaintiff S. H. ("S. H." or "Plaintiff") is an individual residing in the state of Washington. The name S. H. is a short name or alias for S. H.'s true name, which is being kept confidential to protect S. H. as a result of Defendant Chang's threats.

3.    Defendants Michael Hyunkoo Chang and Sun Woo Chang (together "Defendants" or "Chang") are individuals believed to be residing in King County, Washington. On information and belief, Defendants Chang are married, and all acts performed by either spouse have been performed on and for the benefit of the marital community.

## III.    JURISDICTION AND VENUE

4.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. 1334, 11 U.S.C. 523, *et seq*., and 11 U.S.C. 727, *et seq*.

5.    This matter is a core proceeding.

## IV.    FACTS

### Background Facts Related to D. L.

6.    D. L. has resided in the United States since 2005. In approximately May 2014,

COMPLAINT FOR OBJECTION TO
DISCHARGEABILITY UNDER 11 U.S.C. 523(a) - 2
4834-0626-2438v.2 0201269-000001

Davis Wright Tremaine LLP
LAW OFFICES
929 108th Avenue NE, Suite 1500
Bellevue, WA  98004-4786
425.646.6100 main · 425.646.6199 fax

D. L. met Defendant Michael Chang while D. L. was a customer of one of Defendant Chang's businesses known as "Puppy Village."

7.      At the time D. L. met the Defendant, Michael Chang was also the senior pastor of the Grace All Nation Church in Federal Way.

8.      Defendant Chang invited D. L. to attend Chang's church.  She attended Chang's church for the next two years and was induced into a relationship of trust with Defendant Chang.

9.      Eventually, Defendant Sun Chang first contacted D. L. about the immigration process.  Defendant Michael Chang then represented to D. L. that he possessed the knowledge to successfully secure permanent residency status for D. L. under a special federal immigration program.  Defendant Chang promised to prepare, or assist in the preparation of, the appropriate immigration application forms to accomplish the goal of obtaining D. L. permanent residency.

10.     Defendant Chang also represented that the cost of the immigration application would be approximately $30,000, composed of a $10,000 broker fee and a $20,000 processing fee.

11.     To arrange for the transfer of money, Defendant Chang said that the money would have to be paid in cash through an intermediary and agent, identified herein as "Jane Doe."

12.      Payment was made in cash through Jane Doe, as agent and intermediary of Defendant Chang.

13.     D. L. gave $30,000 in cash to Jane Doe for and on behalf of Defendant Chang.  On information and belief, Jane Doe took $30,000 in cash from D. L. on behalf of Defendant Chang and subsequently transferred it to or for the benefit of Defendant Chang.  The payment scheme was orchestrated by Defendant Chang.

14.     Chang's representations about the immigration services were fraudulent.

15.     D. L. later learned that Chang's immigration services and the immigration scheme were fraudulently represented and no application on her behalf was ever processed.

16.     When D. L. confronted Defendant Chang and demanded that Defendant Chang immediately return D. L.'s money in full, Defendant Chang declined.  In retaliation, he also began

Davis Wright Tremaine LLP
LAW OFFICES
929 108th Avenue NE, Suite 1500
Bellevue, WA  98004-4786
425.646.6100 main · 425.646.6199 fax

1 to slander D. L.

2   17. Eventually, Defendant Chang offered to repay D. L.'s money over time.

3   18. On November 18, 2016, Defendant executed a Promissory Note in favor of D. L.

4 in the face amount of $30,000 (the "D. L. Note"). The D. L. Note contains a provision that was

5 ostensibly intended to silence D. L.

6     **Background Facts Related to S. H.**

7   19. S. H. has resided in the United States since 2015. S. H. became a tenant of

8 Defendant Chang's property in Federal Way on about March 4, 2015. S. H. also began attending

9 Defendant Chang's church.

10   20. In approximately January 2016, Defendant Chang represented to S. H. that Chang

11 possessed the knowledge to successfully secure permanent residency status for S. H. under a

12 special federal immigration program.

13   21. Defendant Chang promised to process a permanent resident status application for

14 S. H. and his family. Defendant Chang requested family information from S. H. and promised to

15 prepare, or assist in the preparation of, the appropriate immigration application forms to

16 accomplish the goal of obtaining permanent residency for S. H. and his family.

17   22. S. H. paid Defendant Chang the sum of $44,000, as requested by Defendant Chang

18 for a processing fee. Payment was made in cash through Jane Doe, an agent and intermediary of

19 Defendant Chang, at the Puppy Village business in the presence of one or both of the

20 Defendants.

21   23. The payment scheme was orchestrated by Defendant Chang.

22   24. S. H. later learned that the immigration services were fraudulently represented and

23 no application on his behalf was ever processed.

24   25. When S. H. confronted Defendant Chang and demanded that Defendant Chang

25 immediately return S. H.'s money in full, Defendant Chang declined.

26   26. Eventually, Defendant Chang offered to repay the money over time.

27

Davis Wright Tremaine LLP
LAW OFFICES
929 108th Avenue NE, Suite 1500
Bellevue, WA 98004-4786
425.646.6100 main · 425.646.6199 fax

27.     On November 18, 2016, Defendant Chang executed a Promissory Note in favor of S. H. in the face amount of $44,000 (the "S. H. Note").  The S. H. Note contains a provision that was ostensibly intended to silence S. H.

**Background Facts Related to Both Plaintiffs**

28.     Under the terms of the S. H. Note and the D. L. Note (the "Promissory Notes"), Defendant Chang was required to make payments of $800.00 per month to each Plaintiff, commencing on December 15, 2016 until the Promissory Notes were paid in full.

29.     Defendant Chang made a few initial payments on the Promissory Notes, but has not paid any sums due under the Promissory Notes since March 20, 2017.

30.     The Promissory Notes provide that Plaintiffs shall be entitled to recover their attorneys' fees and costs associated with the collection of the debts.

31.     Plaintiffs made written demand for payment through counsel, and Defendant Chang has failed to make any additional payments under the Promissory Notes.

32.     The Immigration Services Fraud Act, RCW Ch. 19.154 was intended to prohibit schemes perpetrated by unauthorized persons who provide immigration-related services that constitute unfair and deceptive practices and the unauthorized practice of law.

33.     On information and belief, Defendant Chang, committed the following acts: (i) assisted in advising Plaintiffs in an immigration benefit, visa or other program; (ii) solicited Plaintiffs to prepare documents for a judicial or administrative proceeding in an immigration matter; (iii) told Plaintiffs that he could select, draft or complete legal documents affecting the legal rights of the Plaintiffs in an immigration matter, all for compensation.  Defendant Chang's actions constitute a violation of RCW 19.154.060(2)(c),(d),(e)&(g).

34.     Defendant Chang made representations to each Plaintiff that: (i) conveyed or implied that Defendant Chang possessed professional legal skills in the area of immigration law; and (ii) that Defendant Chang was willing to provide services in an immigration matter that amounted to the provision of legal services.  Defendant Chang's actions constitute a violation of

Davis Wright Tremaine LLP
LAW OFFICES
929 108th Avenue NE, Suite 1500
Bellevue, WA  98004-4786
425.646.6100 main · 425.646.6199 fax

1  RCW 19.154.060(3)(a)&(b).

## V.   CAUSES OF ACTION

### FIRST CAUSE OF ACTION – 11 U.S.C 523(a)(2)

35.     Plaintiffs incorporate by reference the allegations set forth above as if fully set forth herein.

36.     Defendants obtained money from Plaintiffs by false pretenses, a false representation, or actual fraud.

37.     Defendants' actions above constitute a nondischargeable debt under 11 U.S.C. 523(a)(2).

38.     Plaintiffs have been damaged in an amount equal to the sums owed arising out of the fraudulent conduct alleged as a part of 11 U.S.C. 523(a)(2) and under the Promissory Notes, together with attorneys' fees and costs.

### SECOND CAUSE OF ACTION – 11 U.S.C 523(a)(4)

39.     Plaintiffs incorporate by reference the allegations set forth above as if fully set forth herein.

40.     Plaintiffs entrusted funds to Defendants, who committed fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny.

41.     Defendants' actions above constitute a nondischargeable debt under 11 U.S.C. 523(a)(4).

42.     Plaintiffs have been damaged in an amount equal to the sums owed arising out of the fraudulent conduct alleged as a part of 11 U.S.C. 523(a)(4) and under the Promissory Notes, together with attorneys' fees and costs.

### THIRD CAUSE OF ACTION – 11 U.S.C 523(a)(6)

43.     Plaintiffs incorporate by reference the allegations set forth above as if fully set forth herein.

44.     Defendants committed willful and malicious injury to Plaintiffs or their property.

COMPLAINT FOR OBJECTION TO
DISCHARGEABILITY UNDER 11 U.S.C. 523(a) - 6
4834-0626-2438v.2 0201269-000001

Davis Wright Tremaine LLP
LAW OFFICES
929 108th Avenue NE, Suite 1500
Bellevue, WA  98004-4786
425.646.6100 main · 425.646.6199 fax

45.     Defendants' actions above constitute a nondischargeable debt under 11 U.S.C. 523(a)(6).

46.     Plaintiffs have been damaged in an amount equal to the sums owed arising out of the fraudulent conduct alleged as a part of 11 U.S.C. 523(a)(6) and under the Promissory Notes, together with attorneys' fees and costs.

## V.     PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for the following relief against all Defendants, jointly and severally:

1.      For a judgment in favor of Plaintiff D. L. and against all Defendants, jointly and severally, in the principal amount of no less than $30,000;

2.      For judgment in favor of Plaintiff S. H. and against all Defendants, jointly and severally, in the principal amount of no less than $44,000;

3.      For money damages in favor of the Plaintiffs under the Immigration Services Fraud Prevention Act, RCW 19.154, against all Defendants;

4.      For an award of attorneys' fees and costs in favor Plaintiffs to the extent allowed by law against all Defendants;

5.      For an award of post-judgment interest at the rate of 12 percent per annum, or the maximum rate allowed; and

6.      For such other and further relief as the Court deems just and equitable.

DATED this 25th day of September, 2019.

DAVIS WRIGHT TREMAINE LLP
Attorneys for Plaintiffs D. L. and S. H.


By /s Rhys M. Farren
    Rhys M. Farren, WSBA #19398
    929 108th Ave. NE, Suite 1500
    Bellevue, WA  98004
    (425) 646-6132
    rhysfarren@dwt.com

COMPLAINT FOR OBJECTION TO
DISCHARGEABILITY UNDER 11 U.S.C. 523(a) - 7
4834-0626-2438v.2 0201269-000001

Davis Wright Tremaine LLP
LAW OFFICES
929 108th Avenue NE, Suite 1500
Bellevue, WA  98004-4786
425.646.6100 main · 425.646.6199 fax